
**Cong Nie, F0497**
**BANES HOREY BERMAN & MILLER, LLC**
**First Floor, Macaranas Building**
**4165 Beach Road, Garapan**
**P.O. Box 501969**
**Saipan, MP 96950**
**Tel: (670) 234-5684**
**Email: dnie@pacificlawyers.law**
*Attorneys for Defendant Hongjiang Yang*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL CASE No. 24-CR-00010** |
| Plaintiff, | **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE SURPLUSAGE IN INDICTMENT** |
| vs. | |
| **HONGJIANG YANG,** | Hearing: April 18, 2024 |
| Defendant. | Time: 9:00 a.m. |
| | Judge: Hon. Ramona V. Manglona, C.J. |

Defendant Hongjiang Yang ("Mr. Yang"), pursuant to Rule 7(d) of the Federal Rules of Civil Procedure, respectfully moves the Court to strike the following surplusage in the Indictment (ECF No. 2):

1. All references to unlawful entry to Guam, including the phrase "unlawfully enter" and the reference that Defendant and the eight other Chinese nationals "knowing and in reckless disregard of the fact that [they] had no right or authority to enter Guam"; and

2. The phrase "in furtherance of a violation of law."

Alternatively, the Court should order that the Indictment not be shown, or read entirely, to the jury and that at trial, the Court will determine what portion, if any, of the Indictment will be read to the jury.

### I.    Legal Standard

Rule 7(d) of the Federal Rules of Criminal Procedure permits a court to "strike surplusage from the indictment" upon a defendant's motion. "The purpose of a motion to strike . . . is to

protect a defendant against prejudicial or inflammatory allegations that are neither relevant nor material to the charges." *United States v. Terrigno*, 838 F.2d 371, 373 (9th Cir.1988) (internal quotation marks omitted).

As an example, in *United States v. Vastola*, 670 F. Supp. 1244, 1254-55 (D.N.J. 1987), the court struck the entire preamble of an indictment, colorful terms such as "loansharking," and language suggesting uncharged illegal activities, as surplusage. The indictment charged 21 defendants allegedly involved a criminal organization that engaged in extortion. *Id.* at 1254. It contained a preamble that not only identified the various defendants, but also described their respective roles and stated that they were involved in illegal activities not charged in the case. *Id.* at 1254-55. The court pointed out that "[a]nything in the indictment that allows the jury to infer involvement with uncharged crimes (whether the inference is based on the location of narrative descriptions or the content of such descriptions) is improper." *Id.* at 1255. Therefore, it struck the preeamble, *id.*, as well as phrases suggesting uncharged illegal activities such as "and with others," "and others," and "and other criminal means," *id.* at 1256. In addition, the court struck "loansharking" and "loanshark," reasoning that they were not terms used by the underlying statue, and that to the extent those terms suggested criminally usurious loans, they were prejudiced because such activities were not necessarily violent or threatening as extortion. *Id.*

## II.     Allegations in the Indictment

The Indictment charges Mr. Yang with Conspiracy to Transport Illegal Aliens under 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (A)(v)(I). It alleges that around July 9, 2023, "[Mr. Yang] and others orchestrated a plan to transport [Mr. Yang] and eight other Chinese nationals" from CNMI to Guam, "with the intent to unlawfully enter and reside in Guam," knowing and in reckless disregard of them having no right or authority to "enter" Guam and being illegally present in the U.S. (ECF No. 2 at 1.) According to the Indictment, "in furtherance of the plan," Mr. Yang and

2

the eight other Chinese nationals "hired, and thereby conspired with four previously-indicted United States citizens." (*Id.* at 1-2.) The Chinese nationals, including Mr. Yang, together with two of the U.S. citizens, boarded a small motorboat leaving from Saipan "with the intent of transporting the Chinese nationals to . . . Guam . . . in furtherance of a violation of law." (*Id.* at 2). The Indictment goes on to state that,"[o]n or about July 10, 2023, the boat ran out of fuel and began to drift just before it reached the island of Rota, thus necessitating a rescue operation by the United States Guard." (*Id.*)

### III.    Argument

**A.    All References to Unlawful Entry to Guam Should Be Struck**

The Court should strike the references in the Indictment related to unlawful entry to Guam.

Those references are irrelevant and immaterial to a conspiracy to transport illegal aliens offense because entry to Guam is not an element of the offense. Section 1324(a)(1)(A)(ii) makes it a crime if any person:

> knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, transports, or moves or attempts to ***transport or move such alien within the United States*** by means of transportation or otherwise, in furtherance of such violation of law.

8 U.S.C. § 1324(a)(1)(A)(ii) (emphasis added). Section 1324(a)(1)(A)(v)(I) then makes it a crime for any person to "engage[] in any conspiracy to commit any of the preceding acts," which include the above offense of transporting an illegal alien. Transportation "within the United States" is relevant and material, whereas "entry" into a state or territory is not. Knowledge as to the fact that an alien came to, entered, or remained the U.S. unlawfully is relevant and material, whereas knowledge as to the "fact" that an alien has no right or authority to go from Saipan to Guam is not.

The unlawful entry references are prejudicial and inflammatory. They signal to a jury that Mr. Yang committed another illegal activity, *i.e.*, unlawfully entering Guam, which is uncharged and cannot be charged because it is not a crime by itself as held by the Ninth Circuit in *United*

3

*States v. Li*, 643 F.3d 1183, 1189 (9th Cir. 2011). The reference in the Indictment to Mr. Yang and the other Chinese nationals "knowing and in reckless disregard of the fact that [they] had no right or authority to enter Guam" is colorful language similar to that in *Vastola*, 670 F. Supp. at 1255. It is not a phrase used by Section 1324. In a way, it is worse that the "loansharking" language in *Vastola* because it imitates the phrasing of Section 1324 ("knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law") but changes it into something that is irrelevant and immaterial. A jury can easily be misled and inflamed.

Mr. Yang is aware that the Ninth Circuit, in *United States v. Laurienti*, 611 F.3d 530, 547 (9th Cir. 2010), held that the characterization of certain sales practices as unlawful was relevant and it was not an abuse of discretion for a district court to refuse to strike it. That case is distinguishable because in *Laurienti*, the offense charged was a securities fraud conspiracy for the purpose of enriching the defendants by means of fraudulent sales of securities, *id.* at 534, whereas here, the Section 1324 offense charged involves whether the boat trip was in furtherance of aliens remaining in the U.S. illegally, not whether the boat trip itself was an unlawful entry into Guam on the part of the aliens.

**B.     The Phrase "in Furtherance of a Violation of Law" Should Be Struck**

Section 1324 employs the phrase "in furtherance of such violation of law." 8 U.S.C. § 1324(a)(1)(A)(ii). This is an essential element of the substantive crime of transporting illegal aliens. *See United States v. Barajas-Montiel*, 185 F.3d 947, 953-54 (9th Cir. 1999) (conspiracy to transport illegal aliens "requires that the defendant knew that the alien was illegal and intended to ***further the alien's illegal presence in the United States***") (emphasis added).

Inexplicably, the Indictment chooses to use the phrase "in furtherance of a violation of law." (ECF No. 2 at 2.) Whether or not the alleged boat trip was in furtherance of a violation of law is

4

not relevant or material to the charge in this case. What is relevant and material is whether the boat trip was in furtherance of the aliens' illegal presence in the U.S. By relaxing the element of "in furtherance of such violation of law" to any type of violation of law, the Indictment will mislead a jury into thinking Mr. Yang is guilty so long as the boat trip was to further any type of violation.

Moreover, as discussed above, the Indictment contains references to illegal entry into Guam. The combination of the phrase "in furtherance of a violation of law" with illegal entry can only serve to mislead a jury into thinking Mr. Yang can be found guilty simply because entering Guam was a violation of law and the boat trip was to further that entry.

Therefore, the phrase "in furtherance of a violation of law" should be struck. If the Government suggests that it can be amended to conform to the phrasing of Section 1324, the Court should not allow the amendment because assurance is lacking that the grand jury was not misled into thinking Mr. Yang was guilty simply because entering Guam was a violation of law and the boat trip was to further that entry.

**C.      Other References in the Indictment Raise Concerns**

Mr. Yang moves to strike the above-described portions of the Indictment in this Motion but reserves the right to move the Court to refrain from reading other portions or showing the entire Indictment to the jury depending on evidence submitted at trial. There are other portions of the Indictment that raise concerns, including:

1. Repeated use of "Chinese nationals" and "U.S. citizens" even though nationality is not an element of the offense, which may prompt a jury to draw an unnecessary and prejudicial distinction between Chinese nationals and U.S. citizens;

2. The identification of the co-conspirators as "previously indicted," which is irrelevant, confusing to a jury who has no knowledge who was previously indicted and for what offense, and potentially prejudicial, *see United States v. Malachowski*, 604 F.Supp.2d 512, 518-19 (N.D.N.Y. 2009) (striking reference to a firearm as "with obliterated serial number" because it was irrelevant and may "compel some jurors to infer that defendant sought to avoid detection because he intended to use the pistol for a separate criminal purpose");

5

3. The reference to what happened after the boat departed Saipan (that is, the sentence "On or about July 10, 2023, the boat ran out of fuel and began to drift just before it reached the island of Rota, thus necessitating a rescue operation by the United States Guard."), which is irrelevant and might potentially prompt a jury to think that Mr. Yang placed other people's lives in danger, which is not a proper consideration in deciding whether Mr. Yang is guilty of the offense charged.

## IV.   Conclusion

For all the foregoing reasons, the Court should strike the parts of the Indictment identified in the beginning of this Memorandum of Law.

Respectfully submitted this 15th day of March, 2024.

BANES HOREY BERMAN & MILLER, LLC
Attorneys for Defendant Hongjiang Yang


By:      /s/ Cong Nie
         Cong Nie, F0497