**Cong Nie, F0497**
**BANES HOREY BERMAN & MILLER, LLC**
**First Floor, Macaranas Building**
**4165 Beach Road, Garapan**
**P.O. Box 501969**
**Saipan, MP 96950**
**Tel: (670) 234-5684**
**Email: dnie@pacificlawyers.law**
*Attorneys for Defendant Hongjiang Yang*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) CRIMINAL CASE No. 24-CR-00010 |
| Plaintiff, | ) |
| | ) **DEFENDANT HONGJIANG YANG'S** |
| vs. | ) **MOTION IN LIMINE TO EXCLUDE** |
| | ) **TESTIMONY RELATED TO CBP** |
| **HONGJIANG YANG,** | ) **FUNCTIONS AS TO SEA TRAVEL** |
| | ) **BETWEEN CNMI AND GUAM, FAILURE** |
| Defendant. | ) **TO NOTIFY GUAM CUSTOMS,** |
| | ) **COOPERATION BETWEEN GUAM** |
| | ) **CUSTOMS AND FEDERAL** |
| | ) **GOVERNMENT, RESCUE EFFORTS AND** |
| | ) **SEA/WEATHER CONDITIONS, AND BOAT** |
| | ) **CAPTAIN'S COVER STORY** |
| | ) |
| | ) **Judge: Hon. Ramona V. Manglona, C.J.** |
| | ) |

Defendant Hongjiang Yang ("Mr. Yang"), by and through counsel, respectfully moves the Court to exclude testimony from trial regarding the following subjects (as well as references to such testimony during voir dire, opening statements and closing arguments):

1. Purported function or procedure of the U.S. Customs and Border Protection ("CBP") of inspecting vessels travelling between the CNMI and Guam;

2. Failure of Mr. Yang or any other defendant or boat crew to notify Guam customs officers;

3. Cooperation between Guam customs and the federal government;

4. Rescue efforts and sea/weather conditions; and

5. The boat captain's cover story of sightseeing in Rota.

On October 16, 2024, the government provided a summary of expected testimony of certain witnesses not named in discovery. Based on the summary, the government intends to elicit testimony on the first four subjects through certain government witnesses and present evidence on the boat captain's cover story through one of Mr. Yang's written statements. The parties have not resolved the above subjects by stipulation.

**Legal Standard**

Under the general rule of evidence, all relevant evidence is admissible unless the constitution, a statute, or the Federal Rules of Evidence provide otherwise. Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action. Fed. R. Evid. 401. Evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

**Discussion**

**A.    Inspection by CBP of Vessels Travelling Between CNMI and Guam Is Irrelevant and Highly Prejudicial**

As argued in Mr. Yang's previous motion in limine, an alien travelling from the CNMI to Guam by boat is not required to report for pre-inspection in the CNMI, or to inspection in Guam. Since there is not such duty, the government cannot use CBP's inspection function or procedure to argue that Mr. Yang conspired to obstruct CBP's functions by deceitful or dishonest means. *See U.S. v. Caldwell*, 989 F.2d 1056, 1059 (9th Cir. 1993) (making a government agency's job more difficult is not the same as defrauding the United States). Testimony regarding inspection by CBP, which did not apply to Mr. Yang or the other defendants, is irrelevant and will confuse the jury.

**B.     Failure to Notify Guam Customs Is Irrelevant and Highly Prejudicial**

State laws such as Guam customs law are irrelevant because Count Two requires an agreement regarding obstruction of functions of a U.S. government agency. The government is expected to argue that failure to notify Guam customs officers is relevant to Count One, specifically, relevant to the intent to further an alien's unlawful presence in the United States (this is the government's response to Mr. Yang's previous motion in limine). But the government has no evidence showing any defendant or crew member was aware of Guam customs requirements. Nor can it explain what relationship there is between violation of a Guam law that no defendant was aware of and whether a defendant intended to further a fellow passenger's plan in Guam, or whether that plan was to stay in Guam unlawfully under U.S. immigration law. If the jury is told that Mr. Yang and the other defendants did not notify Guam customs, they will be confused and may use it as evidence towards guilt.

**C.     Evidence Regarding Cooperation Between Guam Customs and Federal Government Is Irrelevant**

The government has notified the defense that it intends to elicit testimony that if Guam customs encounters aliens suspected of landing in Guam without immigration authorization, they will immediately notify federal investigators. This evidence, like Guam customs requirements, is irrelevant and highly prejudicial for the same reasons. It should be excluded.

**D.     Evidence Regarding Rescue Efforts and Sea/Weather Conditions Should Be Excluded**

Mr. Yang expects that the government will seek to introduce evidence regarding rescue efforts and sea/weather conditions, which will give the jury the impression that the trip taken by Mr. Yang and the other defendants was dangerous and put their own lives and others' in peril. Such evidence is irrelevant to the elements of the offenses charged and carries a high risk of inflaming the jury and motivating them to convict the defendants, not because they are guilty, but because they participated in a very dangerous activity.

### E. The Boat Captain's Cover Story Should Be Excluded

The government intends to introduce evidence that at one point, the boat captain told the Chinese nationals that if they were questioned by the police, they should not say they were going to Guam, but should say that the purpose of the trip was sightseeing off Rota and that Hu Taitano organized the trip and was the captain's girlfriend. Such evidence is irrelevant because if given at a point where it was apparent to the defendants that they could not continue with the trip to Guam, it was merely to cover up an aborted conspiracy and at best, a cover story motivated by the boat captain's desire to protect himself. *See Grunewald v. United States*, 353 U.S. 391, 402 (1957) (an agreement to cover up conspiracy could not support a Section 371 conviction). Moreover, when questioned by HSI agents after they returned to Saipan, neither Mr. Yang nor the other two defendants followed the boat captain's instructions. If the jury simply hears that they were instructed to lie to the government, it will likely mislead them into thinking this is evidence of defrauding the United States.

Respectfully submitted this 22nd day of October, 2024.

                                        BANES HOREY BERMAN & MILLER, LLC
                                      Attorneys for Defendant Hongjiang Yang

                                      By:  */s/ Cong Nie*
                                                  Cong Nie, F0497